# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJEEV KUMAN NARAYAN,<br><br>   Petitioner,<br><br> v.<br><br>ATTORNEY GENERAL, et.al.,<br><br>   Respondents. | 1:09-cv-00837-DLB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

  Petitioner is detained by the Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

  In the petition filed, Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. Petitioner also asserts that his detention is in violation of Respondent's statutory authority.

  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2241 must name as the respondent the warden of the facility in which the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004). Section 2242 of Title 28 directs that an application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Thus, a petition filed under §

1

1 | 2241 challenging the manner of execution of a sentence must name the warden of the penitentiary where the prisoner is confined as respondent. <u>Dunne v. Henman</u>, 875 F.2d 244, 248-249 (9th Cir. 1989); <u>see</u> also <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (the only party that can actually produce the body of the petition pursuant to federal habeas corpus relief is the immediate custodian). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). In this instance, Petitioner has failed to name an individual as respondent; rather, Petitioner merely lists the Attorney General, District Director of the Immigration and Naturalization Service, and United States Immigration and Naturalization Service, in general. Therefore, this Court does not have jurisdiction to review the instant petition because a proper respondent is not named. However, Petitioner will be given the opportunity to amend the petition to cure this defect by naming a proper respondent. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

Accordingly, the Court HEREBY ORDERS:

1. Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by AMENDING the Petition to name a proper respondent within thirty (30) days of the date of service of this order. To comply with this directive petitioner need only submit a pleading titled "Amendment to Petition" in which he amends the petition to name a proper respondent. As noted above, that individual is the person having day to day custody over petitioner - usually the warden of the institution where he is confined. The Amendment should be clearly and boldly captioned as such and include the case number referenced above, and be an original signed under penalty of perjury.

IT IS SO ORDERED.

Dated:   **May 18, 2009**            /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE